FILED IN OPEN COURT
U.S.D.C. - Atlanta

DEC - 4 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ELCHONON SCHWARTZ<br>A/K/A ELIE SCHWARTZ | Criminal Information<br><br>No. 1:24-CR-00371 |

THE UNITED STATES CHARGES THAT:

1. Beginning in or about May 2022, and continuing through in or about July 2023, in the Northern District of Georgia and elsewhere, the defendant, ELCHONON SCHWARTZ a/k/a Elie Schwartz, did knowingly devise and intend to devise a scheme and artifice to defraud investors using CrowdStreet Marketplace, and to obtain money and property from those victims by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

### Background

2. At all times relevant to this Information, defendant SCHWARTZ was the Chief Executive Officer of a privately held commercial real estate investment firm, which he co-founded and controlled.

3. To raise funds for certain commercial real estate investments, defendant SCHWARTZ made securities offerings through the crowdfunding commercial real estate investing website, CrowdStreet Marketplace, which was operated by CrowdStreet, Inc. ("CrowdStreet"). As part of that process, defendant SCHWARTZ executed certain agreements with CrowdStreet which stated, among other things, that the funds raised from investors through CrowdStreet would be held in segregated bank accounts, which would be controlled by defendant SCHWARTZ.

4. Beginning in or about May 2022, defendant SCHWARTZ solicited investments through CrowdStreet in connection with a large commercial real estate complex in Atlanta, George ("Atlanta Financial Center"). Defendant SCHWARTZ initially sought to raise $16 million for the project through CrowdStreet, but ultimately raised approximately $54 million from approximately 654 investors with investments ranging in size from approximately $25,000 to approximately $1 million.

5. Beginning in or about November 2022, defendant SCHWARTZ solicited investments through CrowdStreet in connection with a mixed-use building in Miami Beach, Florida ("Lincoln Place"). Defendant SCHWARTZ initially sought to raise $15 million for the project, but ultimately raised approximately $8.8 million from approximately 167 investors with investments ranging in size from approximately $25,000 to approximately $500,000.

6. In total, defendant SCHWARTZ raised approximately $62.8 million from investors through CrowdStreet for the investments in the Atlanta Financial Center and Lincoln Place, and the CrowdStreet investor funds were deposited into a segregated bank account for each investment.

## Scheme to Defraud

7. In the documentation that was provided to CrowdStreet investors in connection with the Atlanta Financial Center and Lincoln Place investments, defendant SCHWARTZ represented, among other things, that he would only "use any proceeds from this Offering, net of any organizational and offering expenses, to fund" the investment in each property and that defendant SCHWARTZ had a fiduciary duty to safeguard the funds and prohibit commingling or use of the money that did not benefit each investment.

8. Contrary to the representations made to CrowdStreet investors regarding the restrictions on the use of investor funds, and before either the Atlanta Financial Center or Lincoln Place transaction closed, defendant SCHWARTZ misappropriated and converted CrowdStreet investor funds for his own use.

9. Beginning in or about June 2022, and continuing through in or about June 2023, defendant SCHWARTZ transferred and caused to be transferred substantially all of the money raised through CrowdStreet for the Atlanta Financial Center and Lincoln Place investments out of the segregated bank accounts, including by directing money to his personal bank account, personal

brokerage account, and accounts for other unrelated commercial real estate investments affiliated with, and controlled by, defendant SCHWARTZ.

10. Defendant SCHWARTZ used the funds raised from the CrowdStreet investors to, among other things, pay for payroll expenses for defendant SCHWARTZ's commercial real estate businesses, purchase luxury watches, and invest in stocks and options in defendant SCHWARTZ's brokerage account.

11. For example, on or about March 13, 2023, defendant SCHWARTZ transferred $1 million from the segregated bank account for the Atlanta Financial Center investment to Business Bank Account #1, which was controlled by defendant SCHWARTZ. Later on or about March 13, 2023, defendant SCHWARTZ transferred $350,000 from Business Bank Account #1 to Business Bank Account #2, which was also controlled by defendant SCHWARTZ, and then on or about March 15, 2023, defendant SCHWARTZ wired $30,000 from Business Bank Account #2 to a luxury watch dealer as the second of four installment payments on a Grönefeld 1941 Remontoire watch. In addition, on or about March 14, 2023, from Business Bank Account #1, defendant SCHWARTZ transferred $500,000 to Business Bank Account #3, which was controlled by defendant SCHWARTZ, and then used the funds to pay payroll expenses for defendant SCHWARTZ's other commercial real estate businesses.

12. As a second example, on or about March 15, March 21, and March 23, 2023, defendant SCHWARTZ transferred $4.2 million, $7.205 million, and $750,000, respectively (in total, $12.155 million), from the segregated bank

account for the Atlanta Financial Center investment to Brokerage Account #1, which was an account controlled by defendant SCHWARTZ, to fund trades that he had executed in that account. Between or about March 13 and March 17, 2023, defendant SCHWARTZ purchased a series of different stocks and call options in Brokerage Account #1, totaling approximately $12.153 million, including over $6 million in stock and over $397,000 in call options in First Republic Bank and over $500,000 in stock in Credit Suisse. On or about March 19, 2023, Credit Suisse announced that it was being acquired by UBS Group AG, in light of concerns that Credit Suisse would collapse, and on or about May 5, 2023, defendant SCHWARTZ sold his shares in Credit Suisse, incurring a loss of over $294,000 (*i.e.*, over 57% of the original investment). On or about May 1, 2023, First Republic Bank was put into receivership by the FDIC and acquired by JPMorgan Chase Bank, N.A., due to concerns about First Republic Bank's solvency, and by on or about May 22, 2023, defendant SCHWARTZ's call options in First Republic Bank had expired with a total loss of their original value (*i.e.*, over $397,000), and defendant SCHWARTZ's shares in First Republic Bank had lost substantially all of their original value (*i.e.*, over $5.9 million).

13. In mid-July 2023, the corporate entities that defendant SCHWARTZ had formed to receive funds from CrowdStreet investors for their investments in the Atlanta Financial Center and Lincoln Place both filed for Chapter 11 bankruptcy.

## Execution of Scheme to Defraud

14. To execute this scheme to defraud, defendant SCHWARTZ caused the transmission of interstate wire communications. Among other executions of the scheme, on or about March 15, 2023, in the Northern District of Georgia and elsewhere, defendant SCHWARTZ, with the intent to defraud, and for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, caused a wire communication to be transmitted in interstate commerce, specifically, a wire transfer in the amount of $30,000 from a JPMorgan Chase Bank, N.A. account ending in 7082, which was in the name of and controlled by defendant SCHWARTZ, to a Bank of America account for a business that dealt in rare, luxury watches which was based in California.

All in violation of Title 18, United States Code, Section 1343.

## Forfeiture

15. Upon conviction of the offense alleged in this Information, the defendant, ELCHONON SCHWARTZ a/k/a Elie Schwartz, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of said violation, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One of this Information.

16. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

　　a. cannot be located upon the exercise of due diligence;

　　b. has been transferred or sold to, or deposited with, a third party;

　　c. has been placed beyond the jurisdiction of the Court;

　　d. has been substantially diminished in value; or

　　e. has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

RYAN K. BUCHANAN
*United States Attorney*

*/s/ Christopher J. Huber*

CHRISTOPHER J. HUBER
*Assistant United States Attorney*
Georgia Bar No. 545627

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

GLENN S. LEON
*Chief, Fraud Section*
*Criminal Division*
*U.S. Department of Justice*

*/s/ Matthew F. Sullivan*

MATTHEW F. SULLIVAN
*Trial Attorney*
New York Bar No. 4785952

Bond Building
1400 New York Ave. NW
Washington, DC 20530
202-578-6583; Fax: 202-514-0152